08-61200.oa

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-61200-CIV-ALTONAGA-BROWN

ACCESS FOR THE DISABLED, INC.,
ROBERT COHEN, PATRICIA KENNEDY,
DENISE PAYNE and SHEILAH TRITT,

    Plaintiff

vs.

ELIZABETH PETTINEO, an individual
TOUR DE FORCE, LLC, a Florida Limited
Liability Company, BUSHWHACKER, INC.,
A Florida corporation, etc., et al.,

    Defendant.
_____/

## ORDER DENYING MOTION TO COMPEL

**This matter** is before this Court on Defendant...'s Motion to Compel ... (D.E. 82), filed May 11, 2009. The Court has considered the motion, noted the lack of a response thereto, and considered all pertinent materials in the file. Ordinarily, the failure to respond may be deemed grounds to grant the motion by default pursuant to Local Rule 7.1.C. By the same token, this motion violates Local Rule 26.1.H.2, and can be denied on that basis. Neither action will be taken in this instance for the reason that follows.

The Supreme Court has told us that "a request for attorneys fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). If this motion were granted, that's exactly where we're headed. The motion seeks attorney's fees in the sum of $15,359.00. Defense counsel is considering contacting prior defense counsel in other cases, perhaps seeking

1

deposition discovery, perhaps submitting affidavits so that plaintiff's counsel can seek further discovery and/or depositions of those submitting affidavits, and so forth and so on.

Defense counsel wants case names and numbers...withheld from the discovery responses, but numerous case names and numbers of plaintiff's counsels are cited in the motion. Alleged justification for this information is "two recent decisions" (page 2 of this motion). Counsel is free to argue those decisions but the request herein defeats the purpose behind fee requests and is more harassing than helpful. It is relevant to note that the Eleventh Circuit has repeatedly held that the court itself can be an expert on the question and may properly consider its own knowledge and experience in determining reasonable and proper fees. See, e.g. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

Therefore and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of May, 2009.

_____
STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc:  Honorable Cecilia M. Altonaga
     Counsel of record